1 Stuart M. Price., CA #150439
2 PRICE LAW GROUP, APC
  6345 Balboa Blvd, Suite 247
3 Encino, CA 91316
  T: (818) 600-5564
4 E: stuart@pricelawgroup.com
5 *Attorneys for Plaintiff,*
  *Robert Phillips*
6
7          IN THE UNITED STATES DISTRICT COURT
8            WESTERN DISTRICT OF TEXAS
9
  ROBERT PHILLIPS,                    Case No.: 3:19-cv-00215
10
            Plaintiff,                **COMPLAINT AND DEMAND FOR**
11                                     **JURY TRIAL**
   v.
12                                     1. FAIR CREDIT REPORTING ACT,
13 SECURITY NATIONAL AUTOMOTIVE           15 USC § 1681 *et al.*
   ACCEPTANCE COMPANY, LLC,
14 EQUIFAX INFORMATION SERVICES,
   LLC, EXPERIAN INFORMATION
15 SOLUTIONS, INC., and TRANSUNION,
   LLC,
16
            Defendants.
17
18
19          **COMPLAINT AND DEMAND FOR JURY TRIAL**
20       Plaintiff Robert Phillips ("Plaintiff" or "Mr. Phillips"), through his attorneys,
21 alleges the following against Security National Automotive Acceptance Company, LLC
22 ("SNAAC"), Equifax Information Service, LLC ("Equifax"), Experian Information
23 Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion"):
24
25 //
26 //
27 //
28          **INTRODUCTION**
                   1
                                              COMPLAINT

1.  Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. al.* The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other things, the FCRA prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information on a consumer's credit report.

2.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### JURISDICTION AND VENUE

3.  Jurisdiction of the court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1681.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.  Defendants transact business here; therefore, personal jurisdiction is established.

### PARTIES

6.  Plaintiff Robert Phillips is a natural person residing in El Paso County, Texas.

7.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.  Defendant SNAAC is a "person" as defined by 15 U.S.C. § 1681a(b).

9.  Defendant SNAAC is a finance company that purchases and services retail sales finance contracts from auto dealers in the sale of new and used automobiles to consumers. SNAAC's principal place of business is located at 6951 Cintas Blvd., Mason, OH 45040. Defendant SNAAC can be served through its registered agent Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus, OH 43215.

10. Defendant TransUnion LLC is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third

COMPLAINT

parties. TransUnion can be served through its registered agent Prentice Hall Corporation, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. On information and belief, TransUnion disburses the *consumer reports* to third parties under contract for monetary compensation.

12. Defendant Experian Information Solutions, Inc., is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Experian can be served through its registered agent C T Corporation System, at 475 Anton Blvd, Costa Mesa, CA 92626.

13. On information and belief, Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

14. Defendant Equifax Information Services, LLC, is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax can be served through its registered agent Lisa Stockard, at 1550 Peachtree Street, NW, H46, Atlanta, Ga 30309.

15. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

16. Defendants all acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

17. In or around July 2016, Mr. Phillips and his wife, Mrs. Phillips, purchased a vehicle from a Kia Motors dealership, Casa Kia Inc. located in Texas.

COMPLAINT

18. Mr. Phillips and his wife signed the paperwork for the vehicle and was told that the vehicle needed to be detailed before he could take it.

19. Mr. Phillips had to go out of town for work, so the dealership agreed to call Mrs. Phillips when the vehicle was ready.

20. Three days later, Mrs. Phillips went to the dealership to pick up the vehicle.

21. At the dealership, Mrs. Phillips was informed that the paperwork for the auto loan would have to be signed again because there was a problem with the vehicle's VIN number.

22. When the car was brought to Mrs. Phillips, she noticed that it was not the same car; this new car had a manual transmission and was a different color.

23. Mrs. Phillips informed the dealership that this was the wrong car and she could not drive this car because it was a manual transmission.

24. The dealership stated that she should take the car anyway because she and Mr. Phillips would be required to sign new paperwork when Mr. Phillips returned.

25. Plaintiff's son drove the vehicle home.

26. Thereafter, Mr. Phillips returned from his work trip and went to the dealership with the incorrect vehicle.

27. The dealership stated if Mr. Phillips kept the car for 4 months and made the payments, the dealership would have the car Mr. Phillips and Mrs. Phillips originally wanted.

28. Mr. Phillips reluctantly agreed and signed the new paperwork under the new agreement and guarantees given by the dealership.

29. Four months later, Mr. Phillips returned to the dealership to return the vehicle, but the dealership stated that Mr. Phillips was not approved to trade the car in for another vehicle.

30. The financial lender, SNAAC, was aware of the issue surrounding the VIN number.

COMPLAINT

31. Mr. Phillips contacted SNAAC to seek help from them in resolving the issue and SNAAC informed Mr. Phillips this issue was between him and the dealership.

32. Because the dealership would not return the vehicle and allow the Plaintiff to trade it, Plaintiff had no choice but to voluntarily surrender the vehicle in or around January 2017.

33. On or about March 22, 2017, Defendant SNAAC sent Mr. Phillips an "Explanation of Calculation of Surplus or Deficiency."

34. The letter informed Mr. and Mrs. Phillips that the vehicle was disposed of on March 5, 2017 and explained how the proceeds of the sale were applied.

35. However, the letter referenced the KIA vehicle that was never given to Plaintiffs.

36. Thereafter, Defendant SNAAC began to report adverse information on Plaintiff's consumer credit report.

## BETTER BUSINESS BUREAU REPORT

37. Mr. Phillips attempted to resolve the issue surrounding the outstanding balance on the vehicle with the Kia dealership and with Defendant SNAAC.

38. However, Mr. Phillips was unsuccessful and thereafter reached out to the Better Business Bureau.

39. On or about November 12, 2018, Mr. Phillips initiated a Complaint with the Better Business Bureau ("BBB") against the KIA dealership to help resolve the outstanding balance for the vehicle.

40. Finally, on or about January 17, 2019, the KIA dealership responded to the BBB Complaint and indicated that it would pay off Mr. Phillips' outstanding balance owed to the lender, Defendant SNAAC.

41. Furthermore, the KIA dealership stated that Defendant SNAAC would update Mr. Phillips credit report to reflect as paid with a zero balance.

## CREDIT REPORTS

42. On or about November 13, 2017, Mr. Phillips pulled his consumer credit reports.

COMPLAINT

a. Plaintiff's TransUnion credit report indicated that the SNAAC account (account # 9001010199578XXXXX) had a status of "collection/charge off," with a past due balance of $10,171.00.

b. Plaintiff's Experian credit report indicated that the SNAAC account (account # 9001010199578XXXX) had a status of "collection/charge off," with a past due balance of $10,171.00.

c. Plaintiff's Equifax credit report indicated that the SNAAC account (account # 9001010199578XXXX) had a status of "collection/charge off," with a past due balance of $10,171.00.

43. On or about March 11, 2018, Mr. Phillips disputed the SNAAC account with Defendants TransUnion, Experian and Equifax.

44. Mr. Phillips' dispute letters stated that the SNAAC account debt was not valid and that no debt was owed.

45. Upon information and belief, Defendants TransUnion, Experian and Equifax forwarded the dispute letters to Defendant SNAAC within 5 business days of receiving the dispute letters.

46. In or around April 2018, Defendants TransUnion, Experian and Equifax sent Plaintiff the results of the investigation verifying the information as accurate.

47. On or about March 15, 2019, Mr. Phillips disputed the SNAAC account with Defendants TransUnion, Experian and Equifax.

48. Mr. Phillips' dispute letters stated that the SNAAC account was resolved through the BBB and is no longer in charged off status.

49. Upon information and belief, Defendants TransUnion, Experian and Equifax forwarded the dispute letters to Defendant SNAAC within 5 business days of receiving the dispute letters.

50. In or around May 2019, Defendants TransUnion, Experian and Equifax sent Mr. Phillips the results of the investigation verifying the information as accurate.

COMPLAINT

51. On or about May 29, 2019, Mr. Phillips pulled his consumer credit reports.

    a.  Plaintiff's TransUnion credit report indicated that the SNAAC account (account # 9001010199578XXXXX) had a status of "collection/charge off."

    b.  Plaintiff's Experian credit report indicated that the SNAAC account (account # 9001010199578XXXX) had a status of "collection/charge off."

    c.  Plaintiff's Equifax credit report indicated that the SNAAC account (account # 9001010199578XXXX) had a status of "collection/charge off."

52. On or about May 30, 2019, Plaintiff disputed the SNAAC account with Defendants TransUnion, Experian Equifax.

53. Mr. Phillips' dispute letters stated that the account was resolved and should have been marked paid as agreed and a current status.

54. In or around June 2019, Defendants TransUnion, Experian and Equifax sent Mr. Phillips the results of the investigation verifying the information as accurate.

55. At some point during the time Mr. Phillips' was sending his dispute letters regarding the inaccurate SNAAC account, Defendant Equifax had duplicated the SNAAC account on Mr. Phillips' credit report.

56. The inaccurate credit reporting caused Mr. Phillips to suffer stress, anxiety, and frustration at the thought that his credit reports continued to report his accounts inaccurately.

57. Furthermore, the inaccurate credit reporting was a continued reminder of how the dealership and Defendant SNAAC took advantage of Mr. Phillips and his wife and swapped the vehicle he wanted with a vehicle he did not want.

58. Defendants SNAAC, TransUnion, Experian and Equifax acted maliciously and/or with gross negligence when they investigated Mr. Phillips' disputes.

59. Mr. Phillips had disputed the inaccurate reporting multiple times, and each time, Defendants failed to conduct a reasonable investigation and continued to report the inaccurate information.

COMPLAINT

60. As a result of the above violations of the FCRA, Plaintiff suffered from emotional and mental pain and anguish, and an inaccurate credit report.

61. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I

**Defendants TransUnion LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC.**

**(Violations of the FCRA, 15 U.S.C. § 1681 *et seq*)**

62. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

63. Defendants' conduct violated the FCRA. Defendants' violations include but are not limited to:

64. Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

    a. Defendants reported the SNAAC account inaccurately even after several dispute letters from Mr. Phillips;

    b. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's information;

    c. The inaccurate reporting of Mr. Phillips' information caused him to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and anguish and a lower credit score.

65. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within

COMPLAINT

thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

66. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

67. Defendant Experian, TransUnion and Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that Mr. Phillips disputed in violation of 15 U.S.C. § 1681i by indicating that Plaintiff had a balance on his SNAAC account even after it was paid off.

68. Defendant Experian, TransUnion and Equifax failed to review and consider all relevant information submitted by Mr. Phillips.

69. Defendants' acts, as described above, were done willfully and knowingly.

70. As a result of the foregoing violations of the FCRA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II

### Defendant SNAAC

### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein at length.

72. On at least one occasion within the past two years, by example only and without limitations, SNAAC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Mr. Phillips' disputes.

COMPLAINT

73. The FCRA requires a furnisher, such as SNAAC, after receiving notice from a credit report agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the dispute information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

74. Plaintiff notified TransUnion, Experian and Equifax that the SNAAC account was incorrect and that the account was resolved and should not be reporting as charged off. Thereafter, TransUnion, Experian and Equifax notified SNAAC that Plaintiff was disputing the information it had furnished to the credit reporting agency and forwarded the dispute to SNAAC.

75. SNAAC is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(B):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's SNAAC account;

    c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. Willfully and negligently failing to report the inaccurate status balance and status of the inaccurate information to all credit reporting agencies;

    e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

COMPLAINT

1    f.   Willfully and negligently continuing to furnish and disseminate inaccurate

2         and derogatory credit, account and other information concerning Plaintiff to

3         the credit reporting agencies; and

4    g.   Willfully and negligently failing to comply with the requirements imposed

5         on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

6    76. SNAAC is liable to compensate Plaintiff for the full amount of statutory, actual and

7         punitive damages, along with attorneys' fees and costs, as well as other such relief

8         permitted by 15 U.S.C. § 1681n and § 1681o.

9                                 **PRAYER FOR RELIEF**

10        **WHEREFORE**, Plaintiff Robert Phillips respectfully requests judgment be

11   entered against Defendants Security National Automotive Acceptance, LLC, TransUnion

12   LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, for

13   the following:

14        A.   Declaratory judgment that Defendants' TransUnion LLC, Experian

15             Information Solutions Inc., Equifax Information Services, LLC, and

16             Security National Automotive Acceptance LLC, violated the FCRA;

17        B.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(b);

18        C.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

19        D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and

20             1681o(b);

21        E.   Punitive damages to be determined at trial, for the sake of example and

22             punishing Defendant for their malicious conduct, pursuant to Tex. Civ. Prac.

23             & Rem. Code § 41.003 *et seq.*

24        F.   Any pre-judgment and post-judgment interest as may be allowed under the

25             law; and

26        G.   Any other relief that this Honorable Court deems appropriate.

27

28

COMPLAINT

1

## **JURY DEMAND**

2

Plaintiff Robert Phillips hereby demands a trial by jury.

3

Respectfully submitted this 7th day of August 2019.

4

5

PRICE LAW GROUP, APC

6

*By: /s/ Stuart M. Price*
Stuart M. Price., CA #150439

7

PRICE LAW GROUP, APC
6345 Balboa Blvd, Suite 247

8

Encino, CA 91316

9

T: (818) 600-5564
E: stuart@pricelawgroup.com

10

*Attorneys for Plaintiff,*
*Robert Phillips*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT